UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Harry Ronald Seay, #20557-057, | C/A No. 8:10-1414-TLW-BHH |
| Petitioner, | |
| vs. | REPORT AND RECOMMENDATION |
| M.M. Mitchell, Warden, | |
| Respondent. | |

The petitioner, Harry Ronald Seay ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief.[1] Petitioner is a federal inmate at FCI-Edgefield, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. In this action, Petitioner seeks release from custody because the portion of the sentence he is now serving is unlawful. This action should be summarily dismissed for failure to state a claim on which relief may be granted.

## *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of*

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

1

*Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 9. However, even under this less stringent standard, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Furthermore, even if the petitioner had paid the full filing fee, this Court is charged with screening the petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules governing 2254 and Habeas Corpus cases. *See also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

## Background

Petitioner was convicted in this court for being a felon in possession of a firearm. *See United States v. Seay*, 553 F.3d 732 (4th Cir. 2009), *cert. denied*, 130 S.Ct. 127 (Oct. 5, 2009). Petitioner pled guilty to the crime on April 3, 2006, and this court sentenced him

on September 18, 2007, to 96 months of imprisonment. *See United States v. Seay*, 4:06-cr-84-TLW-1. Petitioner received an enhanced offense level under the United States Sentencing Guidelines because he had a prior conviction for a crime of violence -- a felony stalking conviction under North Carolina statutory law, N.C. Gen. Stat. § 14-277.3 (1999). On direct appeal, the United States Court of Appeals for the Fourth Circuit affirmed this district court's 96-month sentence and concluded that a felony stalking conviction under the N.C. statute was a crime of violence as defined in the United States Sentencing Guidelines. Petitioner's petition for a writ of certiorari was denied by the United States Supreme Court on October 5, 2009. *Seay v. United States*, 130 S.Ct. 127 (2009). It appears that Petitioner has <u>not</u> filed a habeas petition pursuant to 28 U.S.C. § 2255 in this court.[2]

In this § 2241 petition *sub judice*, Petitioner apparently requests that this court order his release from federal prison because the portion of his 96-month sentence that he is now serving is unlawful. The court gleans that Petitioner's allegations are as follows. He is now serving only the latter enhancement portion of his sentence which was based upon his 1999 criminal conviction in a North Carolina court for felony stalking. Petitioner alleges that his 1999 North Carolina conviction for felony stalking in Forsyth County was the result of an invalid guilty plea. He alleges that he pled "no contest" and that he and his family were informed that his "no contest" plea would not be considered a conviction. Petitioner

---

2) It is appropriate for this District Court to take judicial notice of the plaintiff's prior cases. *See Aloe Creme Lab., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (noting that the District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

alleges that he received a "Prayer for Judgement Continued with Conditions" or a "PJC" which he believed was not a true conviction. Petitioner alleges that he filed an M.A.R., or motion for appropriate relief, on July 14, 2009, in a North Carolina state court to vacate or set aside the guilty plea in his 1999 felony stalking case. Petitioner alleges that an "M.A.R." is a North Carolina motion for post conviction relief, and he alleges that as of the date he submitted the § 2241 petition to this court the North Carolina state court had not ruled upon his M.A.R. motion.[3]

Petitioner apparently seeks to vacate his North Carolina conviction for felony stalking because that would "undo" the federal sentence he is now serving at FCI-Edgefield. If Petitioner's state felony stalking conviction is vacated due to an invalid guilty plea, Petitioner would argue that his federal sentence, which was enhanced based upon the 1999 North Carolina conviction for felony stalking, then becomes unlawful. Petitioner alleges that he is now imprisoned on the latter portion of his sentence so he should be released because his federal sentence was illegally enhanced or lengthened based upon the state conviction which will be vacated. Petitioner acknowledges that he has not yet filed a § 2255 petition in this court. Petitioner alleges that he will need to file his § 2255 petition to be re-sentenced on his felon in possession of a firearm conviction *after* he successfully obtains an order to vacate his state conviction for felony stalking. Petitioner argues that a "2255 is ineffective and inadequate to test the legality of my detention."

---

3) Petitioner alleges that he also filed a M.A.R. on November 6, 2009, related to a misdemeanor stalking conviction in Case No. 1998cr27955. Petitioner alleges "that case needs ruling on too." Although he does not state it, presumably Petitioner filed this M.A.R. petition in a North Carolina state court.

4

Petitioner further requests that this court permit his § 2241 petition even though he has not exhausted the North Carolina state remedies.

Discussion

Within Petitioner's § 2241 petition he intertwines two issues – he seeks to vacate a North Carolina state conviction for felony stalking and, if he is successful on the first issue, he seeks to reduce his federal sentence because the enhancement under the United States Sentencing Guidelines is no longer applicable. Petitioner's attempt to bring this § 2241 habeas petition is misguided. Title 28, Chapter 153 of the United States Code provides a statutory framework for federal post-conviction relief from judgments of conviction. Under this framework, those convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by proceeding under 28 U.S.C. § 2255:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Title 28 U.S.C. § 2255(a). A petition under § 2241 is available for a federal prisoner to collaterally attack his conviction and sentence, however, when a motion under § 2255 is "inadequate or ineffective to test the legality of his detention." Title 28 U.S.C. § 2255(e); *see also Swain v. Pressley*, 430 U.S. 372, 381 (1977). The Fourth Circuit has held that "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A contrary rule would effectively nullify the gatekeeping

5

provisions." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (citations omitted). Nonetheless, the Court has concluded, "[T]here must exist some circumstance in which resort to § 2241 would be permissible; otherwise, the savings clause itself would be meaningless." *Id.*

In one scenario the Fourth Circuit has deemed "§ 2255 inadequate and ineffective to test the legality of a conviction":

> [W]hen: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333-34. Petitioner cannot meet this criteria because he has not yet filed his first § 2255 motion. Courts appear to require a prisoner in federal custody to first proceed with a § 2255 motion before attempting to satisfy the "savings clause" which would allow a § 2241 petition to be filed at a later date. *See Hernandez v. Drew*, No. 09-13292, 2010 WL 1337710 (11th Cir. April 7, 2010) (noting that a prisoner may not circumvent the requirements for filing a § 2255 motion merely by filing a § 2241 petition). Petitioner's argument that he can meet the "savings clause" because he will need to be able to file his one chance at a § 2255 at a future date is not an appropriate ground to invoke the "savings clause." In fact, it appears that the reach of the "savings clause" has not be extended to petitioners who challenge only their sentences. *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008); *Brown v. Rivera*, No. 9:08-CV-3177-PMD-BM, 2009 WL 960212 at *3 (D.S.C. April 7, 2009).

6

Additionally, to the extent that Petitioner requests that this court vacate his North Carolina felony stalking conviction, this South Carolina United States District Court does not have the power to grant the requested relief because it lacks jurisdiction to vacate a judgment of a separate state court.[4]  *See Etlin v. Unknown*, No. 1:09cv886(JCC/TCB), 2009 WL 3762304 at *5 (E.D. Va. Nov. 9, 2009) (noting that it is clear that coram nobis is not available to attack a state conviction in federal court); *In re Shelton*, No. 00-7609, 2001 WL 15324 (4th Cir. Jan. 8, 2001) (finding that it had no jurisdiction under § 1651(a) to alter the judgment of a Virginia trial court); *Carter v. Attorney General*, 782 F.2d 138, 141 (10th Cir. 1986) (noting that applications for a writ of coram nobis must be made to the district court where the conviction was obtained).  *See also* 39 Am. Jur. 2d *Habeas Corpus* § 225 (a federal writ of coram nobis may only be sought in the federal district court where the challenged conviction was rendered, and, in state practice, a writ of coram nobis may only be issued by the same court which rendered the judgment).  Therefore, even if this action is construed as a petition for writ of error coram nobis related to the North Carolina felony stalking conviction, it is subject to summary dismissal for lack of jurisdiction.

Recommendation

Accordingly, it is recommended that the above-captioned case be dismissed *without prejudice* and without requiring the respondent to file a return.  *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to

---

4) It may be that Petitioner is foreclosed from filing a petition of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Courts of North Carolina seeking to attack his 1999 North Carolina state court felony stalking conviction if his sentence was fully served.  *See Harris v. Ingram*, 683 F.2d 97, 98 (4th Cir. 1982); *U.S. ex rel Gee v. Helman*, No. 97 C 5815, 1998 WL 177952 (N.D. Ill. April 10, 1998).

independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent); and the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214. ***The petitioner's attention is directed to the important notice on the next page.***

                                          s/Bruce Howe Hendricks
                                          United States Magistrate Judge

June 15, 2010
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).